**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1221

JACKY ANDRE,

Petitioner,

v.

JOHN ASHCROFT,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Randall L. Johnson, with Johnson & Associates, P.C., on brief
for petitioner.
Thomas K. Ragland, Attorney, Office of Immigration Litigation,
Civil Division, Peter D. Keisler, Assistant Attorney General, and
Emily Anne Radford, Assistant Director, on brief for respondent.

July 14, 2004

**Per Curiam**. Petitioner Jacky Andre appeals the Board of Immigration Appeals's ("BIA") order affirming the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We affirm.

## I.

Petitioner, a native and citizen of Haiti, entered the United States from Canada at Buffalo, New York, on September 18, 1999. On September 5, 2000, petitioner filed an application for asylum and withholding of removal with the Immigration and Naturalization Service ("INS").[1] This application was denied and petitioner was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i).

At a hearing before the Immigration Judge on May 22, 2001, petitioner admitted the factual allegations against him, conceded removability, and requested asylum, withholding of removal, and relief under the Convention Against Torture.

After a hearing on October 18, 2001, the Immigration Judge denied petitioner's applications for asylum and withholding of removal, finding that he was not a credible witness and that he failed to prove past persecution or a well-founded fear of future persecution. The Immigration Judge also denied petitioner's

---

[1] In March 2003, the relevant functions of the INS were transferred into the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement ("BICE"). For simplicity, we refer to the agency throughout this opinion as the INS.

request for relief under the Convention Against Torture, finding it unlikely that he would be tortured in the future by the Haitian government or with the consent or acquiescence of a government official. Finally, the Immigration Judge denied petitioner's request for voluntary departure in the exercise of discretion, and pretermitted petitioner's application for adjustment of status pursuant to 8 U.S.C. § 1255(i), stating that it lacked jurisdiction.[2]

Petitioner appealed to the BIA, which affirmed the Immigration Judge's decision on January 13, 2003. This appeal followed.

**II.**

A.      Asylum

Petitioner bears the burden of demonstrating his eligibility for asylum. See Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003). Petitioner may meet that burden by demonstrating past persecution or a well-founded fear of future persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." Id. (quoting 8 C.F.R. § 208.13(a)) (internal quotation marks omitted). To establish past persecution, an applicant must provide "conclusive evidence" that

---

[2]     Petitioner does not appeal the denial of voluntary departure and adjustment of status. We therefore only consider his claims for asylum, withholding of removal, and relief under the Convention Against Torture.

he was targeted on any of the five grounds. Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003). To show a well-founded fear of future persecution, an applicant must meet both subjective and objective prongs. Id. To satisfy the objective prong, an applicant's testimony alone may be sufficient, but it must constitute credible and specific evidence of a reasonable fear of persecution. El Moraghy v. Ashcroft, 331 F.3d 195, 203 (1st Cir. 2003). To meet the subjective prong, the applicant must show his fear is genuine. See Aguilar-Solis v. INS, 168 F.3d 565, 572 (1st Cir. 1999). If an applicant has proved past persecution, "a regulatory presumption that the applicant has a well-founded fear of future persecution is triggered." Guzman v. INS, 327 F.3d 11, 15 (1st Cir. 2003) (citing 8 C.F.R. § 208.13(b)(1)).

"Determinations of eligibility for asylum or withholding of deportation are reviewed under the substantial evidence standard." Fesseha, 333 F.3d at 18. The agency decision is upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). Under the substantial evidence standard, "[t]o reverse the BIA finding, we must find that the evidence not only supports that conclusion, but compels it . . . ." Elias-Zacarias, 502 U.S. at 481 n.1 (emphasis in original).

-4-

Petitioner testified to the following facts. He began living with his aunt and uncle in Port-au-Prince after his mother died in April 1988. In 1989, he became a member of the Parti Agricole Industrial National ("PAIN"), a party that sought to foster solidarity and to further democracy in Haiti. In September 1993, he began working for PAIN as a driver. Petitioner also worked as a coordinator and mechanic for PAIN. The leader of PAIN was Louis Dejoie II, a man whom petitioner knew personally.

In July 1995, the home of petitioner's aunt was set on fire while he was in bed about to go to sleep. The neighbors put the fire out before the house burned down. Petitioner was not harmed. Petitioner testified that he believed the fire was started because he was a member of PAIN. After this incident, petitioner left his aunt's house and slept at different places until 1999, although he continued to use his aunt's address as his place of residence. Petitioner testified that his aunt received daily phone calls from unknown individuals who asked for petitioner and said they "would get" petitioner.

Petitioner's testimony described two incidents that occurred in July 1999 relating to his job as a driver for PAIN. The first incident involved an unidentified person who fired shots in the air as the bus petitioner was driving passed by while other people threw rocks at the bus which caused the windshield to shatter. Petitioner was not harmed. Petitioner testified that he

reported this incident to Louis Dejoie II. The second incident involved a policeman who fired shots into the air after petitioner had parked the bus and was walking home. Petitioner reported the incident to the police who allegedly accused him of lying and laughed at him.

Petitioner flew to Canada, where he stayed with a friend for fifteen days before entering the United States. When asked why he did not remain in Canada, petitioner stated that he had relatives and friends in the United States and knew he would be safe here. Petitioner also testified that, since his arrival in the United States, he learned that PAIN's headquarters had been burned down and Louis Dejoie II had died.

1.    Credibility

The Immigration Judge found that petitioner was not a credible witness. "[W]hen a hearing officer who saw and heard a witness makes an adverse credibility finding and supports it with specific findings, an appellate court ordinarily should accord it significant respect." Aquilar-Solis, 168 F.3d at 571. In this case, the Immigration Judge supported her credibility determination with specific findings which "amply justified the IJ's conclusion that the petitioner's testimony lacked crediblility." Id. The Immigration Judge noted several inconsistencies in petitioner's testimony relating to the alleged instances of persecution. First, petitioner testified that he reported the first July 1999 incident

to Louis Dejoie II. Petitioner also testified that he learned of Louis Dejoie II's death after his arrival in the United States. However, one of the documents petitioner submitted stated that Louis Dejoie II died in 1998. When confronted with this inconsistency, petitioner merely repeated his prior testimony. Second, petitioner originally testified that, in the first July incident, shots were fired at the tires of the bus he was driving. He later testified that these shots were fired into the air. The Immigration Judge also noted other inconsistencies in petitioner's testimony that supported an adverse credibility finding. The Immigration Judge supported her credibility determination with specific findings, and nothing in the record before us compels a contrary conclusion. See id.

> 2. Past Persecution

The Immigration Judge found that petitioner's testimony, were it credible, did not sustain his burden of proving either past persecution or a well-founded fear of future persecution. "To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000). We are not compelled to make a decision contrary to the Immigration Judge and BIA based on a favorable reading of petitioner's testimony. Petitioner was never physically harmed in any way, nor was he ever confined. Petitioner also failed to show that the alleged incidents of

persecution occurred as a result of his political opinion or any other protected ground.[3]  We agree with the Immigration Judge's finding that it was more likely that the July 1999 incidents where petitioner was driving a bus with "PAIN" written on the side occurred due to the general civil unrest in Haiti than to petitioner's political opinion.  The Immigration Judge's and BIA's conclusion that petitioner failed to show past persecution is therefore supported by substantial evidence.

### 3.    Future Persecution

Substantial evidence also exists to support the determination that petitioner did not demonstrate a well-founded fear of future persecution.  Because petitioner did not prove past persecution, he is not entitled to the regulatory presumption of a well-founded fear of persecution.  See Guzman, 327 F.3d at 15.  Petitioner could still establish a well-founded fear of future persecution by proving that his fear is "both genuine and objectively reasonable."  Aguilar-Solis, 168 F.3d at 572.  We focus our discussion on the objective prong.  The relevant inquiry is "whether a reasonable person in the asylum applicant's circumstances would fear persecution on account of a statutorily

---

[3]    There was no evidence that the fire at the home of petitioner's aunt was set intentionally, much less that the fire was set due to petitioner's membership in PAIN.  Regarding the alleged threatening telephone calls to petitioner's aunt, there is again no evidence demonstrating a political motive for the calls.

protected ground."  Id.; see also Fesseha, 333 F.3d at 19. Petitioner argues that he has a well-founded fear of future persecution because he and his political party, PAIN, faced persecution in the past, and because the documentary evidence he submitted shows that there is a pattern of political crime and disorder in Haiti.  However, as stated above, petitioner has not met his burden of proving past persecution on account of his membership in PAIN. We also agree with the Immigration Judge that, at best, petitioner's documentary evidence, including country reports, shows that Haiti has suffered a great deal of unrest and crime.  This evidence does not compel a finding that a reasonable person in petitioner's circumstances would fear persecution on account of a statutorily-protected ground.

Because we find substantial evidence to support the Immigration Judge's and BIA's findings that petitioner was not a credible witness, failed to demonstrate past persecution due to a protected ground, and failed to demonstrate a well-founded fear of future persecution due to a protected ground, we affirm the denial of asylum.

B.        Withholding of Removal

If a petitioner is unable to satisfy the less stringent standard for asylum, he is a fortiori unable to satisfy the test for withholding of deportation.  Albathani v. INS, 318 F.3d 365, 372 (1st Cir. 2003).

C.        Convention Against Torture

        Petitioner's final argument is that he will be tortured if he is deported to Haiti.  Under Article III of the Convention Against Torture, petitioner must demonstrate that it is more likely than not that he will be tortured if removed to Haiti in order to obtain relief.  8 C.F.R. § 208.16(c)(2).  The regulations implementing the Convention Against Torture define torture as "severe pain or suffering, . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 208.18(a)(1).  Petitioner has not presented any evidence that any governmental official or other person acting in official capacity has tortured petitioner, and his documentary evidence does not substantiate his allegations of torture in Haiti.  See Elien v. Ashcroft, 364 F.3d 392, 399 (1st Cir. 2004).  We see no reason to disturb the findings of the Immigration Judge as to the Convention Against Torture and the BIA's affirmance thereof.

**III.**

        For the reasons stated above, the BIA's order is affirmed.

        **Affirmed**.

-10-